UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
5:05-cv-243-R

LIBERTY MUTUAL FIRE
INSURANCE COMPANY,                                                              PLAINTIFF

v.

HARPER INDUSTRIES, INC., et al.,                                               DEFENDANTS

**OPINION & ORDER**

This matter comes before the Court on Plaintiff Liberty Mutual Fire Insurance Company's ("Liberty Mutual") and Defendant Zurich American Insurance Company's ("Zurich") Motion for Partial Summary Judgment (Docket #69) regarding a declaratory judgment filed by the Plaintiff to determine an allocation of responsibility. Defendants Harper Industries, Inc. ("Harper") and Federal Materials Company, Inc. ("Federal Materials") have responded to that motion, adopting and joining the position taken by Liberty Mutual and Zurich (Docket #71). Defendants St. Paul Fire and Marine Insurance Company ("St. Paul") and USF&G Specialty Insurance Company ("USF&G") have responded in opposition to Liberty Mutual and Zurich's motion (Docket #76). In addition, St. Paul and USF&G have filed a brief regarding the allocation of costs (Docket #70). This matter is now ripe for adjudication. For the following reasons, Liberty Mutual and Zurich's Partial Motion for Summary Judgment is **DENIED**.

**BACKGROUND**

This matter involves a declaratory judgment filed by Plaintiff Liberty Mutual concerning the allocation of responsibility between insurance companies regarding coverage of suit filed against Defendant Federal Materials. Federal Materials is a defendant in an action before this Court, captioned *Adams v. Federal Materials Company, Inc.*, 5:05-cv-90-R. The Court recently denied class certification in that matter (Dockets #143 & #144). In the instant matter, all of the

insurance companies, at some point during the alleged class period, issued liability policies that insured Federal Materials. In *Adams*, the plaintiffs allege that Federal Materials incorporated and supplied defective concrete to the plaintiffs in the use of their residences and other projects. The plaintiffs in *Adams* allege that as a result of Federal Materials' failure to take reasonable measures to prevent the use of defective aggregate in its concrete, the concrete supplied to the plaintiffs was defective.

Here, Liberty Mutual, Zurich, Harper and Federal Materials contend that all the insurers who have agreed to participate in the defense of Federal Materials, including St. Paul and USF&G, should contribute equally to the defense. Liberty Mutual and Zurich assert that because there are five (5) insurers involved in the defense, claiming that St. Paul and USF&G should be counted separately, each insurer should contribute 20% (or 1/5) to the defense. St. Paul and USF&G, who merged after the policies were issued, contest the method of equitable allocation among the defense costs that Liberty Mutual and Zurich has put before the Court. St. Paul and USF&G argue in their brief that their collective responsibility, based on the pour dates of the concrete and the policy period of each insurance company, would only amount to 8.9%. In the alternative, St. Paul and USF&G suggests that the most they should be held liable for is 25% of the defense costs, based on a contribution of four (4) insurers.

**STANDARD**

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In determining whether

summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). [N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case." *Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of the evidence. To support his position, he must present evidence on which the trier of fact could find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)).

Mere speculation will not suffice to defeat a motion for summary judgment: "[t]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Systems Corp.,* 90 F. 3d 1173, 1177 (6th Cir. 1996). Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, Ky., 807 S.W.2d 476 (1991)." *Gafford v. General Electric Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## DISCUSSION

All the parties in this matter have cited the Sixth Circuit Court of Appeals case of *Insurance Company of North America v. Forty-Eight Insulations, Inc.*, as the controlling authority to determine the proper method of allocation. *Insurance Company of North America v.*

*Forty-Eight Insulations, Inc.* 633 F.2d 1212, 1224-25 (6th Cir.1980). Despite this recognition, Liberty Mutual and Zurich still contend that the Court should allocate defense costs equally among the primary insurers, citing cases from other jurisdictions to support their arguments. However, Liberty Mutual and Zurich have not stated why *Forty-Eight Insulations* is not controlling in this matter. Accordingly, the Court finds that rationale set out in *Forty-Eight Insulations* dictates the proper method of allocation in this matter.

In *Forty-Eight Insulations*, the underlying litigation involved a defendant manufacturer who was self-insured for certain periods in time during which it incurred liability for asbestosis. *Id.* at 1214-15. In determining the allocation of defense costs, the Court adopted the exposure theory for asbestosis liability, holding that liability would be "prorated...among all of the insurance companies which were on the risk while the injured victim was breathing in asbestos." *Id.* at 1224. In explaining the method to allocate liability for the exposure amongst the insurers for purposes of defending the insured, the Court explained:

> The duty to defend arises solely under contract. An insurer contracts to pay the entire cost of defending a claim which has arisen *within the policy period. The insurer has not contracted to pay defense costs for occurrences which took place outside the policy period.* Where the distinction can be readily made, the insured must pay its fair share for the defense of the non-covered risk...Forty-Eight has urged that indemnity costs can be allocated by the number of years that a worker inhaled asbestos fibers. By embracing the exposure theory, we have agreed. *There is no reason why this same theory should not apply to defense costs. The different insurance companies will pro-rate defense costs among themselves.* It is reasonable to treat Forty-Eight as an insurer for those periods of time that it had no insurance coverage. Were we to adopt Forty-Eight's position on defense costs a manufacturer which had insurance coverage for only one year out of 20 would be entitled to a complete defense of all asbestos actions the same as a manufacturer which had coverage for 20 years out of 20. Neither logic nor precedent support such a result.

*Id.* at 1224-25 (emphasis added).

Other courts within the Sixth Circuit as well as courts outside this Circuit have abided by

4

the pro rata approach dictated by the Court in *Forty-Eight Insulations*. In *Budd Company v. Travelers Indemnity Company*, the Sixth Circuit Court of Appeals, in recognizing the precedent set out in *Forty-Eight Insulations*, applied the pro rata method of allocation to a products liability case involving a multi-piece trucking wheel. *Budd Company v. Travelers Indemnity Company*, 820 F.2d 787, 790-91 (6th Cir. 1987). In *Budd*, similar to *Forty-Eight Insulations*, an incident that triggered the duty to defend took place, and the defense provided by the insurer conferred a benefit outside the scope of coverage to the insured. *Id.* at 790. In applying the holding in *Forty-Eight Insulations*, the Court in *Budd* emphasized that "'[w]here the distinction can readily be made, the insured must pay its fair share for the defense of the non-covered risk.'" *Id.* at 791(citing *Forty-Eight Insulations* at 1224-25). The Court in *Budd* found that the district court had properly prorated the defense costs noting that since the attorneys for the insurers "billed on a periodic basis, it is entirely reasonable to pro-rate its charges in proportion to the number of cases each party was responsible for during each billing period." *Id.*

In *Century Indemnity Company v. Aero-Motive Company*, a very similar case to the instant matter, the United States District Court for the Western District of Michigan reviewed a declaratory judgment sought by a group of insurers involving a dispute concerning the duty to defend an environmental damages lawsuit. *Century Indemnity Company v. Aero-Motive Company*, 318 F. Supp.2d 530, 533 (W.D. Mich. 2003). The insurers who brought the action claimed that the allocation of defense costs must be set on a pro rata basis, while the other insurers argued that they should be joint and severally liable for all defense costs. *Id.* at 544. In applying the holding in *Forty-Eight Insulations*, the Court held that the defense costs should be apportioned amongst the insurers on a pro rata basis because the costs could readily apportioned

5

among the insurers. *Id.* at 545. In abiding by the rationale set out in *Forty-Eight Insulations*, the Court reasoned that no insurer should have to pay for any defense outside of the policy period. *Id.* Other courts have reached similar results in applying the holding of *Forty-Eight Insulations* to determine the method of allocation in regards to defense costs amongst insurers. *See Equal Employment Opportunity Commission v. Southern Publishing Co., Inc.*, 894 F.2d 785, 791 (5th Cir. 1990)(holding that the Court should follow the rule set out in *Forty-Eight Insulations* to prorate the costs of defense between the insurers on Title VII claims); *Dow Chemical Company v. Associated Indemnity Corp.*, 1991 WL 568033, *4-*7 (E.D. Mich 1991)(the Court, in holding that the rationale set out in *Forty-Eight Insulations* is "founded upon principles of fair and equity," retroactively allocated defense costs on a pro rata basis); *Lafarge Corp. v. Hartford Casualty Insurance Co.*, 61 F.3d 389, 398-400 (5th Cir 1995)(in applying *Forty-Eight Insulations*, determined that the insurer should not be liable for any defense incurred prior to the beginning of the policy period); *Stryker Corp. v. National Union Fire Insurance Co. of Pittsburgh, PA.*, 2005 WL 1610663, *4-*7 (W.D. Mich. 2005)(holding that the pro rata approached set out in *Forty-Eight Insulations* applies to determine the liability of defense costs of the insurers to the insured).

In the instant matter, Liberty Mutual and Zurich have requested that the Court allocate an equal 20% distribution for each insurer involved in the defense Federal Materials calculated solely on the fact that there were five (5) insurers participating in the coverage of Federal Materials. However, the method of allocation advocated by Liberty Mutual and Zurich would make certain insurers liable for years when there was no coverage or make certain insurers less liable for time when they did cover Federal Materials. In essence, Liberty Mutual and Zurich

suggest a joint and several liability allocation of defense costs based on participation, allocating equal distribution even though the facts indicate there was not equal participation between the five insurers at 20% each. This suggested method goes counter to the holdings set out in *Forty-Eight Insulations*, *Budd* and *Century*, where the Courts held that a pro rata allocation where each party would be responsible proportionally for its individual share of costs was the appropriate measure of liability between the parties. Accordingly, the Court finds that the allocation method suggested by Liberty Mutual and Zurich is not applicable under the circumstances, as it goes counter to the holding set out in *Forty-Eight Insulations*. *Id.* at 1224-25. Based on the holding in *Forty-Eight Insulations*, all **five (5)** of the individual insurers shall be responsible for their individual and proportionate share of the defense costs of Federal Materials, based on a pro rata basis, in contrast to the equal participatory allocation method suggested by Liberty Mutual and Zurich.[1]

## CONCLUSION

**IT IS SO ORDERED:**

Liberty Mutual and Zurich's Motion for Partial Summary Judgment is **DENIED**. Defense costs shall be allocated on a pro rata basis.

---

[1] The Court notes that Defendants St. Paul Fire and Marine Insurance Company and USF&G Specialty Insurance Company have merged. However, for purposes of determining their individual defense costs, they shall be treated as if they are two (2) separate entities in order to calculate the allocation of costs based on a pro rata method of allocation, consistent with this holding.